Marilyn A. SAYLER, o/b/o Robert G. Sayler, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 36672.

United States District Court, E. D. Michigan, S. D.

May 30, 1974.

Joseph J. Conklin, Tecumseh, Mich., for plaintiff.

Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The defendant has brought this motion for summary judgment. The action arises under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1970), for judicial review of a final decision of the Secretary of the Department of Health, Education and Welfare, that the plaintiff is not entitled to disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (1970).

Pursuant to an application which was filed on September 28, 1967, for Social Security disability benefits on behalf of the plaintiffs, Sayler was found to be under the requisite disability from August 11, 1966 onward, entitling him to the receipt of benefits. On May 21, 1969, it was determined on the basis of new evidence that because the plaintiff was gainfully employed from December, 1966, he was not under a disability. *See* 20 C.F.R. §§ 404.957–404.958 (1973). Disability benefits were thereupon terminated.

Plaintiff's first evidentiary hearing was held on January 9, 1970, approving the prior determination by the Secretary. The Appeals Council affirmed the Hearing Examiner's decision on December 11, 1970. On June 18, 1971, this action was brought; and on October 14, 1971, it was remanded to the Secretary pursuant to stipulation. A second evidentiary hearing was held on February 1, 1972. It was found that (1) the requisite disability was absent from July 21, 1966 onward, and that (2) Section 204(b) of the Social Security Act, 42 U.S.C. § 404(b) (1970), did not bar recovery by the Secretary of the benefits overpaid ($10,161.20 overpaid from August 11, 1966 to March, 1969). The Appeals Council affirmed the first conclusion but modified the second finding, since the recovery of the overpayment would be barred by Section 404(b), viz., plaintiff was allowed to retain $10,161.20.

While the plaintiff was hospitalized periodically for the treatment of mental problems, he was physically confined to the hospital for only short periods of time. During the long periods when he was permitted to leave the hospital, plaintiff worked as an installer of roofing and siding, as a carpenter and as a farmer earning over $140 per month. Whenever the plaintiff ceased taking his medication, he became disturbed and was returned to the hospital to renew his medication, after which he returned to his employment.

There are two issues. First, whether the disability benefits disallowed from March, 1969 through February 1, 1972, because the recipient-plaintiff was found not to be under the requisite disability, should be paid by the defendant where the evidentiary hearings followed the termination of the disability benefits. Second, whether the defendant's determination that plaintiff was not disabled is supported by substantial evidence.

Plaintiff contends that he was denied procedural due process, since he was not allowed an evidentiary hearing prior to the termination of disability benefits. While plaintiff maintains he still is under the requisite disability, he only claims disability insurance benefits for the period from March, 1969, the date of the disability benefit termination, through February 2, 1972, the date of the second evidentiary hearing.

Defendant, however, maintains that (1) the constitutional procedural due process issue is moot, and that (2) there is substantial evidence to support the Secretary's findings.

█ The resolution of the question of whether an evidentiary hearing must be accorded prior to the termination of benefits depends on a balancing process wherein the Government's interest in expeditious termination of the disability benefits is weighed against the interest of the plaintiff in continuous receipt of the benefits. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). While the court in Richardson

v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972), refused to resolve this issue because the Social Security Administration had recently adopted on December 27, 1971 new procedures permitted a pretermination evidentiary hearing, the Supreme Court has recently held in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), that in view of *Goldberg* a post termination hearing procedure regarding the discharge of a federal employee does not violate due process.

■ *Kennedy* is applicable to the present case. The plaintiff was employed and not disabled during the period in question. He was afforded two evidentiary hearings which determined his lack of requisite disability. He would have been entitled to the disallowed benefits if he was found to be under the requisite disability during the period. On balance it must be concluded that the defendant's interest is paramount and that a prior evidentiary hearing is not required by due process in this case.

■ Additionally, regardless of the constitutional argument the reinstatement of the disability benefits from March, 1969 through February 1, 1972 would be preposterous since even if a pretermination evidentiary hearing had been held, the plaintiff, having been found not to satisfy the requisite disability, would not be entitled to retain the benefits.

Several recent cases have also rejected similar claims. In Crites v. Weinberger, 364 F.Supp. 956 (N.D.Tex.1973), the court under substantially similar facts rejected the plaintiff's claim, finding that it would be ludicrous to require the Social Security Administration to reinstate plaintiff's disability benefits. The courts in Perez v. Secretary of H. E. W., 354 F.Supp. 1342 (D.P.R.1972), and Lindsay v. Richardson, 357 F.Supp. 203 (W.D.N.C.1973), also agreed that a later evidentiary hearing renders moot the claim of denial of due process from the failure to have an evidentiary hearing prior to the termination of the disability benefits.

Regarding the second issue, disability is defined in the Social Security Act as the inability to engage in substantial activity. 42 U.S.C. §§ 416(i), 423. The Act gives the Secretary broad authority to promulgate regulations augmenting these basic definitions. 42 U.S.C. § 423(d)(4). The relevant regulations provide that earnings greater than $140 per month are deemed to demonstrate the ability to engage in substantial activity, unless there is affirmative evidence that such work activities themselves establish that the individual does not have such ability. 20 C.F.R. § 404.-1534(b) (1973).

■ During the extensive leaves of absence from the hospital, the plaintiff functioned efficiently operating farm machinery, planting and harvesting crops, purchasing feed, selling crops, installing roofing and siding, and performing work as a carpenter. While it is true plaintiff has a mental impairment, this evidence is insufficient to overcome the presumption of ability to engage in substantial gainful work created by his earnings record. Moreover, the mere presence of an impairment is not tantamount to "disability", particularly where it can be remedied by treatment. Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967). Finally, the burden is at all times upon the plaintiff to establish the existence of the disability upon which he bases his claim. Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Thus, there is surely substantial evidence to support the determinations of the Secretary.

For the foregoing reasons it is ordered that the defendant's motion for summary judgment be granted.

So ordered.