407 F.Supp. 444 (1975)
Elizabeth A. HEISNER, Plaintiff,
v.
SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
No. 75-200C(A).
United States District Court, E. D. Missouri, E. D.
December 15, 1975.
*445 Stanley A. Loring, St. Louis, Mo., for plaintiff.
Melvin R. Horne, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
HARPER, Senior District Judge.
This is a petition for judicial review of a final decision of the Secretary of Health, Education and Welfare pursuant to the provisions of Title 2 of the Social Security Act, as amended, 42 U.S.C. § 401 et seq.
Plaintiff filed her application to establish a period of disability on August 20, 1973. The Social Security Administration considered the claim, and denied same on October 22, 1973. Said application was reconsidered by the Secretary and was again denied on February 4, 1974.
Plaintiff requested a hearing which was held on October 4, 1974, and at which petitioner, her husband Walter Heisner, and her mother Josephine Mollenbeck, appeared and testified. The Social Security Law Judge ruled against the plaintiff on October 16, 1974, finding that the plaintiff was not under a "disability", as defined in the Social Security Act at anytime when she met the earnings requirement of the law, which requirement, in her case, expired on September 30, 1948.
On January 3, 1975, the Appeals Council of the Social Security Administration affirmed the ruling of the Social Security Law Judge. The plaintiff has filed a timely application for judicial review and the Secretary has filed a transcript of the record of the proceeding, along with his answer to the complaint. This, then is the final decision of the Secretary which this Court shall review.
The findings of the Social Security Law Judge which stands as a final decision of the Secretary, are as follows:
1. The claimant was born on September 9, 1926, completed eight years of schooling and worked as a clerk in a sitting job requiring no lifting or proximity to machinery.
2. The claimant met the special earnings requirements on and before September 29th of the year, 1948, the alleged year of disability onset, and continued to meet them through September 30, 1948, but not thereafter.
3. The claimant had no severely handicapping physical, mental or emotional impairments prior to the date, September 30, 1948.
4. The claimant was not prevented from engaging in substantial gainful activity for a continuous period of 12 months at the times herein relevant.
5. The claimant was unable to perform all types of heavy manual labor or work requiring frequent bending, lifting, or stooping, but she was able to function satisfactorily in her prior usual work at the times herein relevant.
6. The claimant was not prevented from engaging in all substantial gainful activity for any continuous period beginning on or before the date, September 30, 1948, which has lasted or could be expected to last for at least 12 months.

*446 7. The claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time on or before the date September 30, 1948, on which she last met the special earnings requirements of the Act.
This Court is empowered, considering the pleadings and transcript of the record, to enter judgment affirming, reversing, or modifying the final decision of the Secretary. Title 42, U.S.C. § 405(g) provides, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .." Substantial evidence has been held to be:
It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (CA8 1963).
"Disability" is defined in 42 U.S.C. § 423(d)(1)(A) as the "Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."
In 42 U.S.C. § 423(d)(5), the Act places the burden of proving the disability upon the plaintiff as follows: "An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."
The only issue before the Court, therefore, is whether there is substantial evidence to support the Secretary's decision that plaintiff failed to prove that she was under a disability as contemplated by the Social Security Act (see definition, supra). According to 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the court if supported by substantial evidence. Cody v. Ribicoff, 289 F.2d 394 (8th Cir. 1961); Celebrezze v. Bolas, supra.
In her original application for disability insurance benefits, plaintiff claims epilepsy as her disability (Tr. 41). She claims she became unable to work in 1948. In her request for reconsideration (Tr. 47), plaintiff alleges that she has been trying to locate medical records of Dr. Kupechek, Dr. Alvin Heideman, and Dr. Scheffler, all of whom she claims are now deceased.
At the hearing conducted by the Social Security Law Judge on October 4, 1974, plaintiff testified that she knew she had a right to be represented at the hearing (Tr. 22). She testified she was born in St. Louis on September 9, 1926, that she was five foot three or four inches tall, and weighed about 132 pounds. She claimed to have worked as a cookie packer for a long time in the 1940's (Tr. 25). She claimed to have had an eighth grade education, with no subsequent vocational training. She claimed to have performed office work during 1940 to 1948. She testified that her parents told her that she first started having seizures at age four (Tr. 29). She said her seizures came at least twice a week. The balance of her testimony was somewhat disoriented and lacked continuity.
The claimant's mother testified at her hearing, stating that plaintiff had epileptic seizures since she was four. She stated that the claimant responded to medicines, and that she had periods when, "She goes maybe a month, two months." (Tr. 37.)
The claimant's husband, Walter Heisner, testified before the Social Security Law Judge, saying that he married the claimant in 1946. He stated her condition was getting worse, "Definitely since  when was it  '66, I guess. Had that trouble." (Tr. 39.) He testified that in 1965, "We had an automobile accident and she had that brain surgery after that." He testified that brain surgery was performed by a Dr. Furlow at Barnes Hospital (Tr. 40).
Medical evidence adduced in report form, contains two discharge summaries from Barnes Hospital. One referred to petitioner's epileptic seizures since age four (Tr. 70). The report indicated that she had good seizure control until August, *447 1965, at which time she suffered a skull fracture in an auto accident. The second report dated December 3, 1968, indicated that her second admission to Barnes Hospital was occasioned by Dilantin intoxication. It repeated her grand mal diagnosis and prescribed continued medication with sedatives.
One Dr. W. F. McGinnis, M.D., reported (Tr. 74) that plaintiff has "true epilepsy," but Dr. McGinnis stated he was not qualified to evaluate the degree of her disability.
Petitioner Heisner has acquired an attorney since her hearing before the Secretary. He has furnished this Court, without objection from the Secretary, a copy of a Deaconess Hospital medical report, showing an admission on April 25, 1940, and a diagnosis of idiopathic status convulsions. It concludes with an impression of epilepsy.
Both parties to this action have furnished this Court with motions for summary judgment with legal support therefor. More specifically, the petitioner has requested that this Court remand this claim to the Secretary for the taking of additional medical evidence. This Court has made a searching and sympathetic analysis of the plaintiff's claim. The medical evidence clearly reveals that plaintiff is a victim of epilepsy.
The existence of epilepsy in any claimant is certainly cause to suspect some disability. Its unheralded onset and awesome temporary paralysis to the human body is common knowledge. However, the burden of proof is squarely upon the claimant to prove her entitlement to disability benefits. Miller v. Finch, 430 F.2d 321 (8th Cir. 1970); Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972).
The frequency of claimant's epileptic seizures and the disabling characteristics thereof, are somewhat vague in the record during the period when plaintiff last met her "earnings requirement" on September 30, 1948. The long period of time between alleged disability and the claim thereon, has made petitioner's task a difficult one.
King v. Gardner, 370 F.2d 652 (6th Cir. 1967), analyzed a similar epilepsy question as follows:
There is no question but that this unfortunate young man is afflicted with a medically determinable impairment which can be expected to be of long-continued and indefinite duration, and we recognize that his condition inevitably and to some degree reduces his opportunities for steady employment. It was his burden, however, to establish that he was thereby prevented from engaging in "any substantial gainful activity," within the meaning of the Social Security Act. Justice v. Gardner, 360 F.2d 998, 1001, 1002 (6th Cir. 1966); Erickson v. Ribicoff, 305 F.2d 638, 640 (6th Cir. 1962).
Truijillo v. Richardson, 429 F.2d 1149 (10th Cir. 1970), denied disability insurance benefits to an epileptic, stating it was the extent and severity, and not the mere existence of epilepsy, which is controlling.
In the present case, there is evidence that the claimant's epilepsy was and is controllable by medication. If an impairment can be remedied by treatment, it cannot serve as a basis for a finding of disability. Stillwell v. Cohen, 411 F.2d 574 (5th Cir. 1969); Whaley v. Gardner, 374 F.2d 9 (8th Cir. 1967).
Whether this claimant was so prevented from engaging in any gainful employment during her insured status, was a question of fact for resolution by the Secretary and his examiner. Whatever sympathy might be contained in our own view, this Court is not at liberty to consider the vital factual issue de novo. We have considered newly discovered evidence in the form of the Deaconess Hospital report furnished by petitioner's counsel after the hearing, and find it to be insufficient to offset the findings of the Secretary. It is this Court's opinion that there is substantial evidence to support the decision of the Secretary, and that plaintiff is not disabled within the meaning of 42 U.S.C. § 423(d).
Petitioner is steadfast in her own claims that she is and was physically disabled *448 and that she was not able to engage in gainful activity. However, the claimant's own testimony by itself is not enough; there must be medical corroboration of claimed disability. This, then, is the burden of the claimant. Landess v. Weinberger, 490 F.2d 1187 (8th Cir. 1974); Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967).
Petitioner's present attorney suggests that petitioner received an unfair hearing from the Secretary, because she had no legal counsel at the time of said hearing. The record reveals that she was advised at the time of hearing that she was entitled to counsel, and that she could obtain same if she so desired. The mere absence of counsel does not, of itself, furnish sufficient cause for remand. Sykes v. Finch, 443 F.2d 192 (7th Cir. 1971).
Therefore, this Court finds that the Secretary's decision that plaintiff was not disabled on or before September 30, 1948, is supported by substantial evidence. Accordingly, the motion of the plaintiff for summary judgment is hereby denied, and the motion of the defendant for summary judgment is ordered sustained.