Mariano DIAZ, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.**

Civ. No. 75–1404.

United States District Court,
D. Puerto Rico.

April 5, 1977.

Angel García Díaz, Cayey, P. R., for plaintiff.

U. S. Atty. Julio Morales Sánchez, San Juan, P. R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), as amended, 42 U.S.C. § 405(g) to obtain judicial review of the denial by the defendant, the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary) of his claim for a period of disability and disability insurance benefits.

The issue in the case herein is whether the final decision of the Secretary is supported by substantial evidence on the record considered as a whole.

Plaintiff is a fifty six year old male who has worked primarily as an infantryman in the Army and as a machine operator in knitting mills. He has completed a high school education and has some training as

an electrician. Plaintiff alleges disability as of December 12, 1973, due to high blood pressure, diabetes mellitus and pain. Plaintiff has met the special earning requirements for all times on issue, and seeks judicial review after exhausting the administrative remedies that were available to him under the Act and the Regulations.

The evidence on record may be summarized as follows:

(a) Clinical records and progress reports from the Veterans Administration Hospital show that plaintiff has been treated for high blood pressure, nervousness and mild diabetes mellitus. The notes show that, regarding the high blood pressure, there are no side effects or signs of end organ damage. It is also noted that plaintiff's blood pressure was well controlled. Only on the examination made on March 12, 1975 was there an annotation that the blood pressure was not controlled at such date; nevertheless, on the next examination made on April 21, 1977, it was noted that again the blood pressure was well controlled.

(b) On December 5, 1973, a radiographic report made by Dr. J. A. Lazarini of the Veterans Administration Hospital, stated that the findings of the x-rays taken suggested a hypertensive vascular disease. The heart was found within normal size, and the left ventricle appeared enlarged.

(c) On April 1, 1974, Dr. R. Arrillaga Torrens examined plaintiff and diagnosed sinus tachycardia, essential hypertension, untreated, and no end organ damage.

(d) Plaintiff's own testimony revealed that he did not feel anything wrong except for the dizzy spells and the pain. (Tr. 26, 27) That he could sit, stand, walk, bend, stoop, and lift weights of approximately 25 pounds. (Tr. 27) Plaintiff also testified that he had not gone to "Vocational Rehabilitation" because his VA pension and the food stamps helped him "enough".

(e) The vocational expert, Mr. Francisco Díaz, testified that although plaintiff's condition could possibly preclude him from returning to his previous employment as a machine operator, nevertheless, there were numerous jobs available for a man with plaintiff's residual capacity and background.

A claimant of disability benefits has the burden of proof to establish that he was unable to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months and the existence of which can be medically determined at a time prior to the expiration of coverage. For a plaintiff to be disabled within the meaning of the Act, the alleged impairments must deprive him of his capacity for work to the extent that he is unable to engage in any substantial gainful activity. 42 U.S.C. §§ 416(i), 423(d); *Reyes Robles v. Finch*, 1 Cir., 409 F.2d 84 (1969).

Once a claimant has shown his inability to perform his previous work, then the Secretary has the burden of showing that claimant can engage in other forms of substantial gainful activity. *Reyes Robles v. Finch, supra; Hernández v. Weinberger*, 5 Cir., 493 F.2d 1120 (1974); *Burgos v. Secretary of Health, Education and Welfare*, D.C., 355 F.Supp. 309 (1973); *Taylor v. Weinberger*, 4 Cir., 512 F.2d 664 (1975); *Wyatt v. Weinberger*, 4 Cir., 519 F.2d 1285 (1975). The test being whether a particular job is realistically within the physical and mental capabilities of a claimant, which means whether he can effectively perform the jobs on a similar level of continuity, stamina and efficiency as one who is not impaired to the same degree of severity. *Caraballo v. Secretary of Health, Education and Welfare*, D.C., 346 F.Supp. 93 (1972); *Lebrón v. Secretary of Health, Education and Welfare*, D.C., 370 F.Supp. 403 (1974); *Timmerman v. Weinberger*, 8 Cir., 510 F.2d 439 (1975). Although the vocational expert's testimony is not controlling nevertheless the Secretary can take notice of the fact that there are jobs available according to the testimony of a vocational expert. *Hernández v. Weinberger, supra*.

■ When the Secretary is making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity, there are four elements of proof to be considered: (1) medical data and findings; (2) expert medical opinion; (3) subjective complaints; and (4) plaintiff's age, educational background, and work history. *Gold v. Secretary of Health, Education and Welfare*, 2 Cir., 463 F.2d 38 (1972); *De Paepe v. Richardson*, 5 Cir., 464 F.2d 92 (1972).

The scope of judicial review comprised by Section 205(g) of the Act provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *González v. Richardson*, 1 Cir., 455 F.2d 953 (1972); *Torres v. Secretary of Health, Education and Welfare*, 1 Cir., 475 F.2d 466 (1973).

■ Plaintiff's own testimony, his educational and vocational background, and the medical evidence on record, amply support the conclusion arrived at by the vocational expert, to wit, that plaintiff had the residual capacity to engage in substantial gainful activity.

■ Plaintiff alleges that he has a 100% disability pension from the Veterans Administration. The same, according to his reasoning, should be sufficient evidence of his disability. Although the Veterans Administration has awarded plaintiff disability benefits, such determination is not controlling for the purposes of finding disability under the Act. 20 CFR 404.1525; *Torres v. Secretary of Health, Education and Welfare*, D.C.; 333 F.Supp. 676 (1971). There is substantial medical and non-medical evidence on record to support the Secretary's finding that plaintiff is not disabled within the meaning of the *Social Security Act.*

■ Although it is well recognized that pain by itself can constitute a disabling factor (*Zeno v. Secretary of Health, Education and Welfare*, D.C., 355 F.Supp. 657 (1972); *Torres v. Richardson*, D.C., 369 F.Supp. 1166 (1974); *Zambrana Domenech v. Secretary of Health, Education and Wel-*

*fare*, D.C., 370 F.Supp. 399 (1974); *Brown v. Secretary of Health, Education and Welfare*, D.C., 403 F.Supp. 938 (1975); nevertheless, the fact that an individual cannot work without some degree of pain or discomfort does not necessarily satisfy the test of disability under the Act. *De Fontes v. Celebrezze*, D.C., 226 F.Supp. 327 (1964); *Calpin v. Finch*, D.C., 316 F.Supp. 17 (1970); *Kroeneke v. Richardson*, D.C., 363 F.Supp. 891 (1973).

■ Plaintiff alleges that he was deprived of his constitutional right to due process by not being represented by counsel at the administrative hearing. Mere lack of representation at an administrative hearing. Mere lack of representation at an administrative hearing under the provisions of the Act is not considered as a denial of due process. *Zeno v. Secretary of Health, Education and Welfare*, D.C., 331 F.Supp. 1095 (1970). Lack of counsel places a burden on the administrative law judge to insure full development of pertinent facts which will assist his determination. And unless it is shown that absence of counsel was so detrimental as to prevent plaintiff from obtaining a fair hearing, a remand to the Secretary is not warranted. *Poe v. Weinberger*, D.C., 403 F.Supp. 312 (1975). There is no evidence on record indicative of plaintiff's failure to obtain a fair hearing. Furthermore, at the opening of the hearing, plaintiff was advised by the administrative law judge of his right to be represented by any other person, and his response was an affirmance to his decision to appear on his own behalf, thus waiving his aforementioned right.

For the above stated reasons, it is hereby concluded that the Secretary's determination, that plaintiff was not disabled within the meaning of the statute, is supported by substantial evidence on the record considered as a whole, and should therefore be affirmed.