**Landon E. COLEMAN, Plaintiff,**

v.

**Joseph Anthony CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 77–CV–285.**

United States District Court, N. D. New York.

Oct. 4, 1978.

78

McDonough, Digby & Connelly, Syracuse, N. Y., for plaintiff; Samuel B. Vavonese, Syracuse, N. Y., of counsel.

Paul V. French, U. S. Atty. by Arthur A. Chalenski, Jr., Asst. U. S. Atty., Syracuse, N. Y., for defendant; Borge Varmer, Regional Atty., Region II, Diana M. Weiner, Asst. Regional Atty., Robin Barnett, Legal Asst., Dept. of Health, Education and Welfare, New York City, of counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, District Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for a period of disability and disability insurance benefits. 42 U.S.C. §§ 416(i), 423. Defendant moves for a judgment on the pleadings or, in the alternative, for summary judgment. Plaintiff cross moves for summary judgment.

Plaintiff's application for disability insurance benefits alleges that he has been disabled since October 10, 1975, due to reflux esophagitis, an ulcer, a hiatal hernia, an injury to the left back and shoulder, numbness in the arm, and damaged discs. A hearing was held before an Administrative Law Judge (ALJ) after plaintiff's application was denied initially and on reconsideration by the Social Security Administration. The ALJ rendered a decision on April 13, 1977, finding that plaintiff was not disabled within the meaning of the Social Security Act. This decision was affirmed by the Appeals Council on June 2, 1977, thereby becoming the final decision of the Secretary of Health, Education and Welfare.

The record reveals that plaintiff is a forty-two year old man with a tenth grade education and with work experience as a precision grinder, punch press operator, night watchman, machine operator, machine cleaner, and stockman. His most recent employment was at Carrier Corporation where he worked as a press brake set-up and operate man. At the hearing, plaintiff testified that he had been experiencing severe chest pains since September, 1975, at which time something snapped in his chest as a result of lifting a piece of metal at work. Plaintiff indicated that severe pains would come and go, but that he would continually feel a lingering sensation. Because of these pains, plaintiff said that he was always short of breath, had trouble lifting, and could not stand for a long period of time. Other problems mentioned by the plaintiff include experiencing an excessive amount of gas, which sometimes caused a burning sensation, and having a feeling of numbness in the hands and fingers, which impaired plaintiff's ability to handle objects or to write.

According to the plaintiff, he would spend most of his time doing light chores around the house, but would frequently have to stop his activities because of onsets of pain. It was plaintiff's belief that he would not be able to either return to his most recent job at Carrier, which required lifting and standing, or engage in light and sedentary work. He was awarded disability benefits by the New York State Workmen's Compensation Board which found his impairments to be causally related to employment activities.

Included in the record are forms for an insurance carrier filled out by Dr. William Mulfinger, a specialist in internal medicine. Dr. Mulfinger performed three esophagogastroscopies via fibroscope on December 9, 1975; January 13, 1976; and February 17, 1976. He diagnosed hiatal hernia, ulcer, and severe reflux esophagitis, which he said could have been caused and/or aggravated by the heavy lifting plaintiff had done on his last job. On November 10, 1976, Dr. Mulfinger stated that these conditions had been complicated by costro-condral sprain resulting from an accident while lifting at work. The physician indicated that it had not yet been determined how long the patient would be continuously totally disabled, and he commented that plaintiff was, at that time, undergoing a physical therapy program.

Dr. Bruce Chamberlain, a general surgeon, examined plaintiff on March 31, 1976. Physical examination revealed plaintiff to be a very healthy appearing person with a

protruberant abdomen. No neck abnormalities were observed. Tenderness was found to be present at the uppermost aspect of both rectus muscles and at the sterno-xiphoid junction. Splinting of the lateral chest was reported to provide some relief of the discomfort. Dr. Chamberlain indicated his belief that plaintiff's symptoms of chest pain came from muscle strain of the rectus muscles rather than from esophagitis. The physician recommended that plaintiff be tried with a rib jacket to restrict the motion of the chest wall, and, thereby, enable him to return to work. He further suggested that plaintiff be placed on a weight-reducing diet which he felt might reduce the symptoms associated with esophagitis.

Dr. George Heitzman, a thoracic surgeon, examined plaintiff upon referral from Dr. Mulfinger. Physical examination found plaintiff to be a well-developed, well-nourished individual, in no distress. Some tenderness was noted over the left brachioplenus and in the lower costal margin. The Ross test for outlet syndrome was mildly positive on the left, while chest fluoroscopy and barium swallow were essentially normal. Dr. Heitzman's impression was hiatal hernia with reflux esophagitis and possible muscle strain of the upper abdominal muscles in the region of the sternum and costal margin. Indicating that a weight gain by plaintiff might be a factor in his pain, Dr. Heitzman strongly advised that the patient lose at least twenty pounds. The physician said that if, after weight loss, plaintiff remained symptomatic, his hernia should be repaired.

The record also contains a brief statement from Dr. R. C. Traver who reported that plaintiff "is significantly disabled and is not employable at this time."

The ALJ found that the combination of impairments plaintiff was suffering from were not so severe so as to prevent him from engaging in substantial gainful employment for any continuous twelve-month period. He determined that plaintiff retained the residual capacity to perform the duties implicit in his former job, and, therefore, concluded that he was not entitled to a period of disability or disability insurance benefits.

■ The ALJ's decision, which was adopted by the Secretary must be sustained if it is supported by substantial evidence on the record as a whole. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 41 (2d Cir. 1972); *Grates v. Califano*, 448 F.Supp. 674, 676–77 (N.D.N. Y.1978). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) quoting from *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ For purposes of the Social Security Act, disability is defined as the

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). Thus, in order to be qualified for Social Security disability benefits, an individual must not only be suffering from a mental or physical impairment, but this impairment must be of sufficient severity to prevent the claimant from engaging in any substantial gainful activity. *Poore v. Mathews*, 419 F.Supp. 142, 145 (D.Neb.1976); *Davila v. Weinberger*, 408 F.Supp. 738, 741 (E.D.Pa.1976); *Andrews v. Weinberger*, 395 F.Supp. 176, 180 (E.D.Va. 1975).

■ If the claimant has been found disabled by another government agency, the Secretary should consider this fact, but he is not bound by the other agency's determination. *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975); *Celani v. Weinberger*, 393 F.Supp. 804, 810 (D.Md.1975); *Robinson v. Richardson*, 360 F.Supp. 243, 249 (E.D.N.Y.1973). The burden of proving disability for purposes of the Social Security Act rests upon the claimant. *Lewis v.*

*Weinberger*, 515 F.2d 584, 586 (5th Cir. 1975); *Franklin v. Secretary of Health, Education and Welfare*, 393 F.2d 640, 642 (2d Cir. 1968); *Hofacker v. Weinberger*, 382 F.Supp. 572, 575 (S.D.N.Y.1974).

The Court is of the opinion that the plaintiff in this case has failed to satisfy his burden of proof. While the record indicates that plaintiff has been suffering from several ailments, it does not establish that he has been unable to engage in substantial gainful employment because of these ailments. The most extensive medical reports in the record are those from Dr. Chamberlain and Dr. Heitzman. Dr. Heitzman concluded that plaintiff was suffering from a hiatal hernia with reflux esophagitis and possible muscle strain of the upper abdominal muscles while Dr. Chamberlain expressed his opinion that plaintiff's chest pains resulted from muscle strain of the rectus muscles. However, neither doctor indicated that plaintiff was unable to engage in any type of employment activity by reason of such conditions. Likewise, neither doctor set forth findings which would support a conclusion of total disability.

██ The Court also notes that both Dr. Heitzman and Dr. Chamberlain recommended that plaintiff undertake certain remedial measures in an effort to alleviate his problems. Both recommended weight reduction, and Dr. Heitzman also suggested that a rib jacket be tried to enable plaintiff to return to work. Dr. Chamberlain indicated that surgery to repair the hernia should be attempted if weight loss did not eliminate the symptoms. It is well established that if an impairment can be remedied by treatment, it cannot serve as the basis for a finding of disability. *Knox v. Finch*, 427 F.2d 919, 921 (5th Cir. 1970); *Heisner v. Secretary of Health, Education and Welfare*, 407 F.Supp. 444, 447 (E.D.Mo. 1975); *Sayler v. Weinberger*, 377 F.Supp. 788, 791 (E.D.Mich.1974); *Bean v. Secretary of Health, Education and Welfare*, 374 F.Supp. 336, 340 (D.Kan.1974).

Two other doctors submitted reports—Dr. Mulfinger and Dr. Traver—but neither report provides sufficient support for plaintiff's claim of disability. Dr. Mulfinger's report is inconclusive. He indicated that plaintiff was then undergoing therapy, and he said that he could not determine, at that time, how long plaintiff would be disabled.

Dr. Traver, on the other hand, did conclude that plaintiff was disabled, and was not employable at that time. However, the Court believes that the Secretary was not required to accept this statement as an adequate basis for a finding of disability. First, an individual is disabled within the meaning of the Social Security Act only if he is unable to engage in any substantial gainful employment as a result of a medically determinable mental or physical impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. It is clear from the wording of Dr. Traver's statement that he was talking about plaintiff's employability at that particular point in time. There is no indication that Dr. Traver considered the disability, which he found, to be of sufficient duration for purposes of the Social Security Act. Second, Dr. Traver did not set forth any medical findings in support of his conclusion of disability. In his extremely brief statement (which was the only evaluation submitted by this doctor), he did not even indicate what impairment he regarded as disabling.

██ At the hearing, plaintiff testified that he was experiencing pain of such intensity that he was unable to engage in any work activity. In some cases, pain experienced by the claimant may be so intense that it prevents him from engaging in substantial gainful employment, *Ber v. Celebrezze*, 332 F.2d 293, 299 (2d Cir. 1964); *Catron v. Weinberger*, 394 F.Supp. 1011, 1014 (E.D.Va.1975), but not all pain is disabling for purposes of the Social Security Act. *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 1000 (1st Cir. 1975); *Gaultney v. Weinberger*, 505 F.2d 943, 946 (5th Cir. 1974); *Diaz v. Secretary of Health, Education and Welfare*, 440 F.Supp. 727, 730 (D.P.R.1977). The question of how much pain is disabling is to be

determined by the ALJ in his capacity as trier of fact. *Laffoon v. Califano,* 558 F.2d 253, 256 (5th Cir. 1977); *Gaultney v. Weinberger, supra,* 505 F.2d at 946; *Good v. Weinberger,* 389 F.Supp. 350, 353 (W.D.Pa. 1975). In this case, the ALJ gave proper consideration to plaintiff's subjective complaints of pain. He considered the extent to which such complaints were supported by the medical and other evidence in the record, and, thereby, determined that plaintiff's pain was not of disabling severity. The Court cannot say that this determination is unsupported by substantial evidence.

Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

It is so ordered.