**Antonio REYES, Plaintiff,**

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 82 Civ. 5919.

United States District Court, S.D. New York.

May 11, 1983.

---

Antonio Reyes, pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant.

Edward G. Williams, Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff pro se Antonio Reyes has filed this action to review a final decision of the Secretary of Health and Human Services ("Secretary") denying him Supplemental Security Income ("SSI"). After his application had been denied by the disability examiner, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Testimony was taken before the ALJ on December 3, 1981, and February 1, 1982, at which time plaintiff was represented by counsel. On March 4, the ALJ issued a formal ruling, finding the plaintiff ineligible for SSI benefits on the ground that plaintiff was capable of performing his previous work. It is from this ruling that the plaintiff appeals.

The Secretary has moved for dismissal under Rule 12(c) of the Federal Rules of Civil Procedure.

Plaintiff is a 47 year old male, born in Puerto Rico, but now living in New York. He claims to have been suffering from four disabilities since at least August 1980. They are: (1) chronic shoulder dislocation; (2) a hernia; (3) asthma; and (4) a punctured right eardrum. None of these disabilities falls under the Secretary's list of medically disabling illnesses.[1] Thus, plaintiff's eligibility for SSI benefits depends upon whether he can perform his previous work.[2] There is no dispute that immediately prior to the filing of his application, plaintiff had been employed for six months as a grocery store cashier. The issue, therefore, is whether plaintiff could continue as a cashier despite his condition.

The ALJ found that none of plaintiff's disabilities prevented him from continuing in his prior work. This finding is supported by the record. First, the medical testimony indicated that, despite plaintiff's shoulder condition, he could grasp and manipulate light objects, which is compatible with plaintiff's work as a cashier; he did no lifting or carrying, but merely collected payments and gave change. In addition, a vocational counsellor concluded in a written report that plaintiff was capable of performing work similar to that of a cashier. Finally, plaintiff himself testified that he was largely able to avoid injuring his arm, and was often able to correct matters himself, without requiring medical attention.

Second, an examining physician concluded that plaintiff's hernia condition was operable, and that, after such surgery, the prognosis was "fair to good."[3] The law is settled that "a claimant who has a disability impairment which can reasonably be classified as remediable is not entitled to receive disability payments."[4] Moreover, as noted

---

1. *See* 20 C.F.R. § 404(p) appendix 1.

2. 20 C.F.R. § 416.920(e). *See also Berry v. Schweicker,* 675 F.2d 464, 466–67 (2d Cir.1982) (per curiam).

3. Record at 102.

4. *Knox v. Finch,* 427 F.2d 919, 921 (5th Cir. 1970) (per curiam) (quoting *Purdham v. Celebrezze,* 349 F.2d 828, 830 (4th Cir.1965)). *See also Coleman v. Califano,* 462 F.Supp. 77, 81 (N.D.N.Y.1981); *Fields v. Secretary,* 444 F.Supp. 1003, 1006 (S.D.N.Y.1977).

above, plaintiff did not lift or carry heavy objects as a cashier.

Third, there was no medical evidence adduced to substantiate plaintiff's claim that he suffered from asthma. Although plaintiff himself testified to this effect, the ALJ rejected the testimony as not credible, and the ALJ's determination of credibility is to be given great weight.[5] Finally, although plaintiff suffers a hearing loss in one ear—for which he was offered, but declined, corrective surgery while he was confined in a federal correctional facility—plaintiff's hearing is normal in the other. Accordingly, the ALJ concluded that plaintiff was capable of performing his previous work as a cashier.

In conclusion, upon review of the entire record and all supporting documents, the Court finds that the Secretary's determination was supported by "substantial evidence."[6] Thus, the motion is granted and the complaint is dismissed.

So ordered.

---

**5.** *See McLaughlin v. Secretary,* 612 F.2d 701, 704–05 (2d Cir.1980); *Fields v. Secretary,* 444 F.Supp. 1003, 1007 n. 17 (S.D.N.Y.1977).

**6.** 42 U.S.C. § 405(g).