Robert J. WARFORD, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 88–2752.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1989.

Decided May 24, 1989.

Dewey L. Crepeau, Columbia, Mo., for appellant.

Kenneth Josephson, Kansas City, Mo., for appellee.

Before FAGG, FLOYD R. GIBSON, and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge:

On January 12, 1987, Robert J. Warford (appellant) filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (1982 & Supp. IV 1986) (the Act), and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The application was denied initially and on reconsideration. A de novo hearing before an administrative law judge (ALJ) was held on July 1, 1987. The ALJ denied the application. He reasoned that, since appellant's impairments did not prevent him from performing his past relevant work, he was not under a "disability" as defined in the Act. After considering additional medical evidence, the Appeals Council of the Social Security Administration denied appellant's request for review.

Appellant sought judicial review in the Western District of Missouri. On November 7, 1988, Scott O. Wright, *District Judge,* granted summary judgment in favor of appellee Secretary of Health and Human Services. He held that there was substantial evidence in the record as a whole to justify the ALJ's decision.

The sole issue on appeal is whether the district court correctly found that there was substantial evidence in the record as a whole to justify the ALJ's denial of social security disability insurance benefits. We affirm.

## I.

We shall summarize only those facts believed to be relevant to the issues raised on appeal.

Appellant is a male college graduate. At the time of the ALJ hearing, he was 36 years old. His relevant work history includes employment as a data controller clerk and library assistant. In January 1985, he developed an epilepsy seizure disorder and weakness in his left arm and leg. Since that time, he has not had any full-time employment, although at the time of the ALJ hearing he had a part-time job as a fast-food restaurant telephone order clerk.

Appellant claims that from 1985 to 1987 he diligently sought full-time employment, but was unsuccessful; he was rejected more than 132 times. In November 1985, he was referred to a two-week vocational testing course. During that course, he demonstrated good attendance and punctuality, an ability to work a full day without complaint, and good tolerance for sitting. He had difficulty, however, with dexterity and coordination of the left hand. The evaluators thought that appellant had the physical capacity and interest to be successful as a library assistant. They recommended that he participate in a program to help him find employment. Appellant later was offered a job as a part-time evening phone salesman, but he did not accept it.

In January 1987, appellant underwent a neurological examination by Harry White, M.D. Motor examination disclosed a spastic left hemiparesis. Appellant had approximately 10–15% of normal strength in the muscle groups of the left arm and leg. Dr. White concluded that appellant had infantile hemiplegia. Although this condition often is accompanied by mental deficiencies, seizures, or severe personality disturbances, appellant had none of these symptoms.

At the request of the ALJ, appellant was examined on July 21, 1987 by James Hall, Ph.D., a psychologist. Although appellant indicated that he was depressed by not working, he seemed to have no somatic symptoms. Dr. Hall found that appellant showed no symptoms of a serious mood or thought disorder and concluded that his depression probably was situational. Psychological testing suggested some neurological impairment.

On July 31, 1987, appellant was further examined by James Shapero, M.D., a psychiatrist. His speech was normal. He

* Of the Second Circuit, sitting by designation.

showed no signs of psychosis or impairment of cognition or intelligence. Dr. Shapero did not diagnose any psychiatric problems.

Finally, on November 2, 1987, Thomas Breidenstein, D.O., a psychiatrist, evaluated appellant. He displayed no evidence of an affective disorder psychosis, but experienced difficulty during testing of cognitive skills. He had impairment of immediate recall and had "[c]onstructional apraxia ... with marked difficulty in reproducing three dimensional designs". His insight was good. He had satisfactory judgment. The psychiatrist diagnosed organic mental disorder, motor seizure disorder, congenital left extremity deformities, and perinatal encephalopathy. He concluded that appellant's difficulties were "accentuated during times of stress and [were] of significant enough proportions to preclude maintaining effective employment".

## II.

Our task on review of a disability insurance benefit decision is to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983). Substantial evidence in the record as a whole means more than a scintilla of evidence; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 220. On review, the " 'substantiality of evidence must take into account whatever in the record fairly detracts from its weight' ". *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir.1987) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *see Rautio v. Bowen*, 862 F.2d 176, 178 (8th Cir.1988). In order to establish the existence of a "disability" under 42 U.S.C. § 423(d)(1)(A), appellant must show "(1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is

a result of his impairment". *McMillian v. Schweiker, supra*, 697 F.2d at 220.

Both the district court and the ALJ determined that appellant had not sustained his burden of proving that he was "disabled" within the meaning of § 423(d)(1)(A). They found that appellant had the residual functional capacity (RFC) to perform work-related activities except for work involving lifting in excess of 10 pounds with the left arm, operating dangerous machinery, or climbing. They also found that appellant's seizure disorder did not preclude him from full-time employment. It was determined therefore that appellant's limitations did not preclude him from performing his past relevant work as a data controller clerk or as an assistant librarian. Further, in accordance with *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (subsequent case history omitted), appellant's subjective complaints of pain were considered, and it was concluded that his ability to engage in substantial gainful employment was not impaired for that reason. *MacDonald v. Bowen*, 850 F.2d 455, 457 (8th Cir.1988) (pain held not disabling).

## III.

The district court correctly held that there was substantial evidence in the record as a whole to support the Secretary's decision. While appellant has a seizure disorder and left hemiplegia, these impairments or a combination of them are not of such severity that they meet or equal the Listing of Impairments in 20 C.F.R. Part 404, Subpt. P, App. 1 (1988). The medical evidence before the ALJ showed that appellant's seizures occur only about twice a year and are controlled by medication. A medical condition that can be controlled by treatment is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987); *Heisner v. Secretary of HEW*, 407 F.Supp. 444, 447 (E.D.Mo.1975), *aff'd on other grounds*, 538 F.2d 1329 (8th Cir. 1976). According to the vocational expert's testimony, since these seizures were controlled, they would not result in excessive absenteeism and therefore would not pre-

clude appellant from engaging in full-time employment.

Although it is clear that appellant's left arm and leg hemiplegia is severe enough to preclude him from doing any heavy lifting or climbing, it also is clear that there is substantial evidence in the record that this condition does not preclude him from engaging in his prior activity as a data controller clerk or as an assistant librarian, particularly since he is right-handed. Under 20 C.F.R. § 404.1520(e) (1988), if appellant is able to return to his past relevant work, the ALJ must find appellant "not disabled". *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987); *Chandler v. Secretary of HHS*, 722 F.2d 369, 370 (8th Cir.1983). Although one psychiatrist was of the opinion that appellant's impairments were significant enough to preclude him from maintaining effective employment, that opinion was at odds with those of a number of other experts as well as with other objective evidence regarding appellant's employability.

That appellant attempted to find full-time employment and received more than 132 rejections during the period 1985 to 1987 is not insignificant. An individual is not disabled, however, due to an inability to be hired for any particular job or specific hiring practices of employers. 20 C.F.R. § 404.1566(c) (1988). Rather, the test is whether the particular job is within the claimant's physical and mental capabilities. 42 U.S.C. § 423(d)(2)(A). Here, there is substantial evidence that, while appellant has some physical and mental impairments, they are not of such severity that he is incapable of performing his past relevant work.

We therefore hold that there is substantial evidence in the record as a whole to support the conclusion that appellant is not "disabled" within the meaning of § 423(d)(1)(A), since he retains sufficient RFC to perform his past relevant work.

Affirmed.