986 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sandra WELLS, Appellant,
v.
Louis W. SULLIVAN,* Secretary of Health and
Human Services, * * Appellee. *
 No. 92-3029.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 17, 1993.
Filed: February 22, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sandra Wells appeals from the judgment of the district court[1] affirming the Secretary's denial of Supplemental Security Income (SSI) benefits. Upon careful review of the record, we affirm.
 
 
 2
 The decision of the Secretary must be upheld if it is supported by substantial evidence in the record as a whole. Hutsell v. Sullivan, 892 F.2d 747, 748-49 (8th Cir. 1989). The court must "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987). Where the evidence as a whole can support either outcome, the Secretary's decision must be affirmed. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).
 
 
 3
 We agree with the district court that substantial evidence existed to support the Secretary's decision. While Wells has a seizure disorder, the medical evidence suggests that it can be and was controlled by medication. "A medical condition that can be controlled by treatment is not disabling." Warford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989). We conclude that the Administrative Law Judge (ALJ) did not err in discrediting the testimony of Wells and her mother regarding her frequent seizures between May and October 1990, because this testimony was inconsistent with the record as a whole. Despite no change in her medication which had kept her seizure-free for almost a year, Wells testified she had had twenty-one seizures in a five-month period, but she did not seek treatment from her doctor. See Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) (stating that ALJ is entitled to find claimant's failure to seek medical attention inconsistent with complaints of disabling seizures and headaches). In addition, her treating physician could not explain the recurrence of her seizure activity and suggested that these could be pseudo-seizures motivated by her desire for SSI benefits. Because there was a sufficient basis on which to discount Wells's and her mother's testimony, the first hypothetical posed to the vocational expert, which assumed a history of epileptic seizures controlled by medication, was not improper.
 
 
 4
 We further conclude that the ALJ did not err in discounting the opinion of Wells's treating physician that she was disabled. Although Dr. David Brown stated in October 1988 that he believed Wells was disabled and thought it unlikely that her seizures would ever be well-controlled, by March 1990 he believed Wells's biggest disabling problem was probably her lack of skills and wondered if she could be declared partially disabled in order to develop job skills. We agree with the ALJ that this later opinion was not a medical assessment of Wells's functional restrictions. In his November 1990 report, Dr. Brown again stated that he believed Wells was disabled, but his opinion was not based on any new medical evidence of Wells's claim of resumed seizure activity, a claim which Dr. Brown was at a loss to explain.
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 *
 *Donna E. Shalala succeeded Louis W. Sullivan, M.D., as Secretary of Health and Human Services in January 1993. Pursuant to Federal Rule of Appellate Procedure 43(c)(1), her name should be substituted as appellee in this suit
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri