**Barbara Ann LINDSAY et al.,**
**Plaintiffs,**

v.

**Elliot L. RICHARDSON, Secretary, United States Department of Health, Education and Welfare, Defendant.**

**Civ. No. 2794.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

April 10, 1973.

Gail F. Barber, James A. Long, IV, Thomas W. Pulliam, Jr., John D. Ross, III, Thomas H. Wyche and Donald S. Gillespie, Jr., Legal Aid Society of Mecklenburg County, Charlotte, N. C., for plaintiffs.

Keith S. Snyder, U. S. Atty., Asheville, N. C., and Hugh J. Beard, Jr. and David B. Sentelle, Asst. U. S. Attys., Charlotte, N. C., for defendant.

## OPINION AND ORDER

McMILLAN, District Judge.

Plaintiffs were receiving Social Security benefits. In November, 1970, these benefits were reduced by the defendant without notice or hearing or opportunity to be heard on the propriety of the discontinuance of the benefits. Plaintiffs filed suit to establish their rights. Based upon Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Wright v. Finch, 321 F. Supp. 383 (D.C.1971), this court on December 29, 1971, ordered the defendant to resume benefits as of December, 1971, at the pre-reduction level, pending a full

hearing by defendant and opportunity for the plaintiffs to be heard on the propriety of the suspension.

Defendant resumed payments, effective in December, 1971, as directed. However, through inadvertence or misinterpretation of this court's order, the original payment of February 22, 1972, included $1,644.50 which represented back payments from November, 1970, to December, 1971. Plaintiffs and their counsel correctly recognized this as a questionable payment, returned this sum of $1,644.50 to the United States Attorney who received it on behalf of the defendant, where it remains available to the defendant. Payments on the original basis without reduction have been continued covering periods from December, 1971, until September, 1972.

■ On August 10, 1972, the Social Security Administration conducted a hearing as directed and issued a decision on September 7, 1972, that the benefits had been lawfully reduced and that plaintiffs should repay any sums they had received in excess of the reduced levels. This decision resolved the questions of plaintiffs' entitlement to benefits; and the due process hearing removed plaintiffs from the category of the class of persons entitled to complain about unconstitutional procedure in discontinuing Social Security benefits. This moots the original action of the plaintiffs.

■ While this suit has been pending, the defendant has adopted new regulations requiring written notice to claimants before an award is disturbed, and allowing opportunity to submit evidence and contentions in support of the continuance of the award. These new regulations are summarized in the September 14, 1972, affidavit of Joseph P. Earley, which is document No. 29 in the file. I shall assume these new regulations will be administered in a fashion compatible with due process; the class action therefore is also moot because its purpose is now accomplished.

■ The defendant is obviously entitled to retain the $1,644.50 which the plaintiffs returned to the defendant in February of 1972; that sum is not in issue. However, the defendant has demanded the repayment by the plaintiffs of the excess of benefits above the reduced level finally fixed by the examiner for the period from December, 1971, until September, 1972.

The plaintiffs are a mother and her four minor children, Ramona, Constance, Robin and Helen. The oldest child is some thirteen or fourteen years old. The hearing examiner held that all overpaid benefits should be refunded by plaintiffs. Plaintiffs say that under the relevant statute there should be no adjustment of payments nor recovery by the United States. The statute, 42 U.S. C.A. § 404(b), provides as follows:

"In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

The hearing examiner found that plaintiff Barbara Lindsay filed the suit with an improper motive—to prevent adverse claimants from receiving benefits—and that her action thereby meant that she was not "without fault" under the statute. He also made the rather amazing finding that plaintiffs had no "need" for the benefits in question. He added up her rent of $21 a month, her food bill of $87 a month, her insurance bill of $35 a month, her medical bill of $10 a month and her clothing expenses (estimated incongruously at $100 a month), and concluded that since these amounts did not exhaust the entire amount of the benefits, she and her four children had no real "need" for the payments in question and that it would not be against equity and good conscience to require repayment. The examiner also appeared to read some sinister motive in the failure

**206**

of plaintiffs and their counsel to "reveal" the fact that they had returned to the government the overpayment of $1,644.50 which had been delivered to the government's counsel months earlier.

The examiner also found that Mrs. Lindsay had no income except the Social Security payments (the reduced total of which will now be $210.50 a month); that she has no money, no insurance funds, no real estate and no cause of action regarding her husband's death.

No consideration was apparently given to the equity of requiring four infant children to do without life's necessities simply because their mother might have generated a feeling of ill-will toward the other woman who was competing for the Social Security fund.

It is the opinion of this court that the well being of children should not be ignored because of pique or emotion of their elders; that plaintiffs have a demonstrated need for the benefits; that it would be "against equity and good conscience" to require the four infant plaintiffs to repay any part of the overpayment and that they should not be required to make such repayment.

As to Mrs. Lindsay, although the facts and the equities are almost as strong in her favor, I reluctantly conclude that she ought to pay back the amount by which she has been overpaid.

It is therefore the opinion and order of the court that the case is now moot as to the original demand for equitable relief, both as to the plaintiffs and the class they represent; that the plaintiff Barbara Ann Lindsay should repay the difference between the benefits she has received and the reduced benefits to which she has now been found to be entitled; and that no recovery should be had by the United States, directly or indirectly, against the four infant plaintiffs.

Plaintiffs' counsel are directed to submit an appropriate judgment after conference with counsel for the defendant as to its form.