371 F.Supp. 854 (1973)
Thurlow H. HENRY, Plaintiff,
v.
Casper W. WEINBERGER, Secretary of Health, Education & Welfare, Defendant.
No. N 72 C 55.
United States District Court, E. D. Missouri, N. D.
October 2, 1973.
*855 William B. Spaun, Hannibal, Mo., for plaintiff.
Donald J. Stohr, U. S. Atty., Robert E. Grote, Asst. U. S. Atty., for defendant.

ORDER
REGAN, District Judge.
This action was brought under Section 405(g), 42 U.S.C., to review the final decision of the Secretary of Health, Education, and Welfare to the effect that certain deductions are applicable against the benefits payable on plaintiff's earnings record and that adjustment or recovery of the resulting overpayment may not be waived. The Secretary has moved for summary judgment.
The primary issue for decision by the Secretary was whether plaintiff's status for the period from September 1, 1965 through September 30, 1969 was that of an employee or that of a self-employed life insurance salesman for the Equitable Life Assurance Society of the United States. The Secretary found that he was an employee of Equitable during that period.
Full-time life insurance salesmen are in a "special class" of "employees" under the Social Security Act, Section 410(j)(3)(B), 42 U.S.C., as implemented by Section 404.1004(d) of Regulations No. 4, 20 CFR 404.1004(d), so that the normal common law rules do not apply in determining whether there exists an employer-employee relationship. The Regulations provide that a full-time life insurance salesman is an individual whose principal business activity is devoted to the personal solicitation of life insurance or annuity contracts, or both, primarily for one life insurance company as part of a continuing relationship with that company, and who has no substantial investment in the facilities used in the performance of such services.
In applying for Social Security benefits in October, 1965, plaintiff stated "I do not expect to receive any benefits for 1965 or 1966 until I give further notice re retirement." He had been employed under a "lifetime" contract with Equitable for over 30 years as a full-time life insurance salesman. Upon reaching age 65 on September 1, 1965, plaintiff started receiving a pension from Equitable under its retirement plan. Nevertheless, after his technical "retirement" he continued to personally sell life insurance only for Equitable and to receive original and renewal commissions under his original contract. In this connection he testified, "Q. * * * Did you change your duties in any way, shape or form *856 or your relationship with the company, of sending reports or checks or things or change your contract in any way or any method of your operation from the time of your date in '65 all the way through to the present time, have you changed in any way?
A. None whatsoever."
Although plaintiff ceased using Equitable's office after his retirement and instead maintained his own office for which he paid a small rental fee, he had no office help and no substantial investment in office facilities. Equitable supplied him with company stationery, forms and rate books. During the period involved in this case, plaintiff was not engaged in any remunerative activity other than the sale of life insurance for Equitable. The company considered plaintiff as its employee for social security purposes and made the required withholding of F.I.C.A. taxes from plaintiff's "wages." And in the years 1965 through 1968, plaintiff reported his commissions as wages in his Federal income tax returns.
The question of plaintiff's status is important because of the difference in treatment accorded commissions in computing work deductions from benefits. If plaintiff were found to be an employee, both his original and anticipated renewal commissions would be deemed earned at the time the insurance was sold by him. However, if he were found to be a self-employed insurance agent, no commissions would be reportable earnings for social security purposes until actually received by him.
As appears supra, there is substantial evidence in the record to support the Secretary's decision that plaintiff was a full-time life insurance salesman, and therefore was an employee of Equitable. We are bound by that decision.
The remaining question decided by the Secretary was whether there should be an adjustment with respect to the excess payments and benefits by reason of his earnings after retirement. The Secretary is authorized to waive such adjustment or recovery from any person without fault if such adjustment or recovery would defeat the purpose of the Act or be against equity or good conscience.
That plaintiff was without fault is not in dispute. However, the Secretary found that under the facts here involved, adjustment or recovery would not defeat the purpose of the Act and would not be against equity or good conscience. Under the Regulations, what is meant by defeating the purpose of the Act is that the person be deprived of income required for necessary and ordinary living expenses. And the phrase "against equity and good conscience" implies that by reason of the incorrect payments the individual relinquished a valuable right or changed his position for the worse. There is substantial evidence, particularly from the plaintiff's tax returns, that plaintiff has a substantial income from the operation of his business and is neither largely nor solely dependent on Social Security benefits for the necessities of life. And there is an entire absence of evidence that by reason of the payments plaintiff relinquished a valuable right or changed his position for the worse. The evidence sufficiently shows that plaintiff is presently financially secure. He declined to execute a Request for Waiver of Adjustment or Recovery of Payment, and in his petition for review he limits his complaint solely to contentions respecting his employment status.
Accordingly, defendant's motion for summary judgment should be and it is hereby sustained, and the Clerk is directed to enter judgment in favor of defendant and against plaintiff affirming the final decision of the Secretary of Health, Education and Welfare.