Ruth HANSEN and Ruth Hansen for
Catherine M. Hansen, a
Minor, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services,
Defendant.

No. 79–1070.

United States District Court,
W. D. Arkansas,
El Dorado Division.

Feb. 17, 1981.

Denver L. Thornton, El Dorado, Ark., for plaintiff.

Neal Kirkpatrick, Asst. U. S. Atty., for the Western District of Arkansas, Fort Smith, Ark., for defendant.

## OPINION

RICHARD SHEPPARD ARNOLD, Circuit Judge, Sitting by Designation.

Plaintiff Ruth Hansen brings this suit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary

denying her request for waiver of the Secretary's right to recoupment of overpayments of social security benefits. The Secretary has moved for summary judgment, and plaintiff has responded.

The controversy involves overpayments made to Norma Jean Hansen, one of Mrs. Hansen's daughters. In 1951 Ruth Hansen was married to Paul Hansen, and they had several children. In 1970, when Paul and Ruth Hansen were divorced, two of the children were still minors. Paul retained custody of Norma Jean, and Ruth retained custody of Catherine, the younger child. Paul and Norma Jean moved to Little Rock, where he met and married Evelyn McCutcheon, who thus became Norma Jean's stepmother.

In 1975 Paul was awarded disability insurance benefits. At that time Ruth, who still lived in El Dorado, applied for and received child's insurance benefits on behalf of Catherine. At the same time, Evelyn applied for and received child's benefits for her stepdaughter, Norma Jean. Paul died in 1976, and child's insurance benefits continued to be paid to both Evelyn and Ruth on behalf of the children.

In February of 1976 Norma Jean turned 18 and ceased to be a full time student. In spite of the fact that she was no longer eligible to receive benefits, payments were made to her until January of 1977. The result was an overpayment of $1,758.40. The Secretary claims that efforts were made to recover the overpayment from Norma Jean. When that effort proved to be fruitless, a determination was made that benefits currently payable to Mrs. Ruth Hansen, on behalf of Catherine Hansen, should be reduced by $48.00 per month until the overpayment is recouped.

Mrs. Ruth Hansen challenged this determination and was eventually granted a hearing before an Administrative Law Judge on March 13, 1979. He upheld the original decision to recoup the overpayment from Mrs. Hansen. The Appeals Council approved his decision on June 28, 1979, and Mrs. Hansen filed a timely notice of appeal in this Court.

The Secretary's authority to recoup overpayments of benefits is found in section 204(a)(1) of Title II of the Act, 42 U.S.C. § 404(a)(1), which provides:

(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or *shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person,* or shall apply any combination of the foregoing. [Emphasis added.]

\* \* \* \* \* \*

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

As set out above in subsection (b), the United States must waive the recoupment of overpayments if the person from whom recovery is sought is without fault, and if the recovery from that person would defeat the purpose of the Act or would be against equity and good conscience. The "defeat the purpose" clause is elaborated in 20 C.F.R. § 404.508:[1]

1. The term "Title II," used in the regulations, refers to the same group of statutory provisions as the term "this subchapter," used in 42 U.S.C. § 404(b).

(a) *General.* "Defeat the purpose of Title II," for purposes of this subpart, means defeat the purpose of the benefits under this title, i. e., to deprive a person of income required for ordinary and necessary living expenses.

\*   \*   \*   \*   \*   \*

(b) *When adjustment or recovery will defeat the purpose of Title II.* Adjustment or recovery will defeat the purposes of Title II in (but not limited to) situations where the person from whom the recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses.

The Secretary found that Mrs. Ruth Hansen was not at fault in the receipt of overpayments by her daughter, Norma Jean. She found, however, that recoupment from Mrs. Hansen was still appropriate because such recovery would not defeat the purpose of Title II of the Act, i. e., the recoupment would not deprive Mrs. Hansen of income required for ordinary and necessary living expenses. The only question for this Court to consider is whether that finding is supported by substantial evidence.

At the time of the hearing, Mrs. Hansen was 47 years old, did not work, and had no income other than social-security benefits paid to herself and her daughter. Mrs. Hansen is diabetic, has asthma, and testified that she is unable to work because of her health problems and lack of transportation from her rural home. She and Catherine live in a small house valued at about $10,000. Title to the house is shared by Mrs. Hansen and her surviving children. Catherine is 12 years old and rides the bus to get to school. Mrs. Hansen owns no other property and does not receive food stamps. She has approximately $1,500.00 in a savings account. Mrs. Hansen's and Catherine's total income per month is $446.00 in social-security benefits, after the $48.00 recoupment deduction.

In response to an Overpayment Recovery Questionnaire sent to her by the Secretary in 1978, Mrs. Hansen listed her monthly expenses as follows: property taxes, $5.00; food, $150.00; utilities, $35.00; miscellaneous household expenses, $60.50; insurance, $43.67; medical and dental care not covered by insurance, $20.00. She is also paying back two loans at monthly payments of $34.87 and $26.65. Her total monthly expenses come to $395.69. At the hearing on March 13, 1979, Mrs. Hansen testified that her expenses for utilities, groceries, and clothes for Catherine have all gone up since the year before, and that her food bill was now $170.00 per month. She also explained that Catherine needed dental care but that she had not been able to take her to the dentist. She further testified that the withholding by the Secretary of $48.00 per month from her check had resulted in financial strain on their budget. Mrs. Hansen said that she tried to keep a small savings account for emergencies to insure her "peace of mind." In spite of this she has recently had to borrow money to repair a gas line and to pay her property insurance when it came due.

■ The Administrative Law Judge found that recoupment from Mrs. Hansen and Catherine would not defeat the purpose of the Act, in that they would not be deprived of the necessities of life by paying back the money. This Court holds that the Administrative Law Judge's determination that the purpose of the Act would not be defeated is not supported by substantial evidence.

■ The Administrative Law Judge based his finding on the fact that Mrs. Hansen's and Catherine's income "exceeds their expenses by an amount sufficient to allow the recovery as presently programmed." He also stated that repayment could be excused "only if they need every dollar of what they get for the necessities of life." The Secretary's own regulations do not require this Draconian approach. 20 C.F.R. § 404.508(b) states that the purpose of the Act will be defeated where the person from whom recovery is sought "needs *substantially all* " (emphasis supplied) of his current income to meet ordinary and neces-

sary living expenses.[2] The regulation does not require that the recipient prove that every dollar of income is required for living expenses, but only that substantially all of the income is needed. Mrs. Hansen's answers to the Secretary's questionnaire, together with her testimony at the hearing, show that she and Catherine are barely able to get by on the income they presently have.[3] To require recoupment from Mrs. Hansen, who was completely without fault in the overpayments and did not receive any of the overpayments herself and now lives frugally on a limited income, would certainly defeat the purpose of Title II. The Administrative Law Judge referred to the fact that Mrs. Hansen had accumulated $1,500.00 in a savings account. He wondered why she did not pay off her two notes with funds from this account. Under 20 C.F.R. § 404.508(b) Mrs. Hansen is not required to show that she has no savings or other assets, but only that she needs substantially all her income to meet necessary expenses as they become due. In addition, $1,500.00 is not what it used to be.[4]

There is no need to address Mrs. Hansen's constitutional argument. The Secretary asserts that the recoupment provision is necessary and proper to allow recovery of payments erroneously made in order to protect the social-security fund from depletion. The recoupment provision must nevertheless be administered within the bounds of the Secretary's statutory authority. The Supreme Court of the United States recently noted that the waiver provision is mandatory. "[I]t says 'there *shall* be no adjustment of payments to, or recovery by the United States from, any person' who qualifies for waiver." *Califano v. Yamasaki*, 442 U.S. 682, 693–94, 99 S.Ct. 2545, 2554, 61 L.Ed.2d 176 (1979) (emphasis added). The Court declared that "it is reasonable to infer that in this particular statute Congress did not intend to exalt recovery over waiver." *Id.* at 694 n.9, 99 S.Ct. at 2554 n.9. In the present case, Mrs. Hansen qualifies for waiver of recoupment because she needs substantially all her income to supply the necessities of life to herself and her daughter. The Secretary's motion for summary judgment is denied. The decision of the Appeals Council, dated June 28, 1979, is reversed, and the case is remanded to the Secretary with directions to waive recoupment.

---

**2.** There are few reported cases which deal directly with the "defeat the purpose of Title II" test for waiver. None has been found which involves an attempt to recoup payments from a person who did not personally receive the overpayments. Waiver was found proper in *Lindsay v. Richardson*, 357 F.Supp. 203 (W.D.N.C. 1973), where the overpaid person's only source of income was social-security benefits, even though the family's estimated expenses were less than the benefits being received. The Secretary's decision to recoup payments was also reversed in *Waldron v. Finch*, 307 F.Supp. 1384 (S.D.W.Va.1970), where the recipient of the overpayment lived solely on income from a worker's compensation award. The most revealing cases, however, are the ones which find that the purposes of the act will not be defeated by recoupment. The district court approved recoupment in *Hatfield v. Richardson*, 380 F.Supp. 1048 (D.Kan.1974) where the record showed that the recipient "is not largely or solely dependent on the Social Security benefits for the necessities of life." The result was the same in *Henry v. Weinberger*, 371 F.Supp. 854 (E.D.Mo.1973), where the claimant had "a substantial income from the operation of his business and is neither largely nor solely dependent on Social Security benefits for the necessities of life." *Id.* at 856.

**3.** From a reading of the transcript of the hearing, it appears that Mrs. Hansen has deprived herself and Catherine of some of the necessities of life in order to live within her income and keep a small savings account for emergencies. She should not be penalized for living within her income.

**4.** Mrs. Hansen also claims that waiver of recoupment is proper because recoupment would be *against equity and good conscience*, which is the other basis for waiver in 42 U.S.C. § 404(b). 20 C.F.R. § 404.509 explains that recovery would be inequitable when the individual by reason of the incorrect payment relinquished a valuable property right or changed his position for the worse. There is no showing that Mrs. Hansen either relinquished a property right or relied in any way on the incorrect payments to Norma Jean.