Chiquita GAVIN, et al., Plaintiffs,

v.

Margaret HECKLER, Secretary, Health
and Human Services, Defendant.

No. 84 C 87.

United States District Court,
N.D. Illinois, E.D.

Oct. 8, 1985.

John M. Bouman, Barbara A. Kahn, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Thomas P. Walsh, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Office of U.S. Atty., Chicago, Ill., for defendant.

MORAN, District Judge.

It is ordered and adjudged that this court having reviewed the report and recommendation of the magistrate, it is hereby adopted. Plaintiffs' motion for summary judgment is granted and defendant's motion is denied.

The magistrate's report and recommendation is attached as an appendix.

## APPENDIX

## REPORT AND RECOMMENDATION

September 24, 1985.

JAMES T. BALOG, United States Magistrate.

Before the court is an action for judicial review pursuant to 42 U.S.C. § 405(g) of a final decision of the Secretary of Health and Human Services, ("Secretary"). The parties have filed cross-motions for summary judgment.

The plaintiffs seek review of a final decision of the Secretary denying their request for waiver of the Secretary's right to recoupment of overpayments of Social Security benefits.

The controversy involves overpayments made to a son of the plaintiff's deceased husband, Walter Crite, Jr. Crite had three children. Plaintiff Anna Gavin is the mother of plaintiffs Chiquita and Oliver Gavin.

Chiquita and Oliver received Social Security benefits based upon the earnings record of their father. Crite had a third son, also named Walter Crite, who received benefits. Crite is not Anna Gavin's son and he does not live with Gavin or contact her.

On January 31, 1980, Crite was notified by the Social Security Office that he had been overpaid benefits because he had not informed the office that he had turned 18 and was not continuing further education. (R. 66). Crite owed $1,473.50. *Id.*

On December 11, 1981, plaintiffs were notified that they were contingently liable for the overpayment of benefits and that certain amounts would be withheld from plaintiff's benefits to repay the administration (R. 20). On July 2, 1982, plaintiffs filed a request for reconsideration (R. 26) and the prior decision was affirmed by the Social Security Administration on December 3, 1982. (R. 77). The plaintiffs sought and received a hearing *de novo* before an administrative law judge ("ALJ"). On June 10, 1983, the ALJ found that plaintiffs were contingently liable for the overpayment and that recovery could not be waived. (R. 17). The decision was approved by the Appeals Council of Nov. 2, 1983 (R. 2), thereby rendering it the final decision of the Secretary.

Under 42 U.S.C. § 405(g), the statute conferring jurisdiction upon this Court, provides that "(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Thus, the limited function of the reviewing court is to determine whether the Secretary's findings of fact are supported by substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir.1984). While the court must examine the record as a whole in determining whether or not substantial evidence exists to support the findings of the Secretary, *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill.1979), it should not engage in a *de novo* consideration of the evidence presented to the Secretary. *Strunk v. Heckler*, 732 F.2d 1357 (7th Cir. 1984). However, where the Secretary commits an error of law, the District Court must reverse the Secretary notwithstanding its limited function. *See Schmoll v. Harris*, 636 F.2d 1146 (7th Cir.1980).

The Secretary's authority to recoup overpayments of benefits is found in 42 U.S.C. § 404(a)(1), which provides:

(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regula-

tions prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing.

Subsection (b) of 42 U.S.C. § 404(a)(1) provides that the United States must waive the recoupment of the overpayments if the person from whom recovery is sought is without fault and if the recovery from that person would defeat the purpose of the Act or would be against equity and good conscience. The "defeat the purpose" clause is elaborated in 20 C.F.R. § 404.508:

(a) General "Defeat the purpose to Title II," for purposes of this subpart means defeat the purpose of the benefits under this title, *i.e.* to deprive a person of income required for ordinary and necessary living expenses.

(b) When adjustment or recovery will defeat the purpose of Title II, adjustment or recovery will defeat the purposes of Title II in (but not limited to) situations where the person from whom the recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses.

The Secretary found that plaintiffs were not at fault, but did find that recoupment was still appropriate because such recovery would not defeat the purpose of the Act or would not be against equity and good conscience.

The plaintiffs listed their income as $1,342.40 dollars per month (R. 93). Of this amount, Chiquita and Oliver Gavin received $1042.40 for social security, post office and V.A. benefits. Monthly expenses were listed as $1314.00 dollars per month. *Id.* Included in this amount were the expenses of Mrs. Gavin's other two daughters who are not children of Walter Crite, Jr. The SSA determined that it would withhold $96 per month from the Gavin children until the total of $1,473.50 was recovered (R. 79).

At the hearing, the plaintiffs attempted to prorate their expenses by computing the amount each household member contributed. For example, plaintiff's rent was $400.00 per month. Since Oliver and Chiquita contributed approximately 75% of the monthly income, their rent share was estimated to be $292.00 dollars per month (R. 105).

The ALJ rejected this method of computing expenses. Since there were five members of the Gavin household, the ALJ held that the expenses should be split five ways. Thus, for example, the ALJ found that plaintiffs share of rent should be $160.00 per month (R. 16). Using this method of computation, the ALJ found that plaintiff's monthly income exceeded their ordinary and necessary living expenses.

■ The ALJ's decision is not supported by substantial evidence. A person's entire financial position should be considered. *See Milton v. Harris*, 616 F.2d 968, 974 (7th Cir.1980), *Hansen v. Harris*, 507 F.Supp. 900, 903 (W.D.Ark.1981). The Gavin family cannot be split in fifths. According to the ALJ's calculations, plaintiffs would have monthly expenses of $774 (R. 16).

■ Using the ALJ's calculations, total monthly expenses would total $1,935.00, well over the amount of income the entire Gavin family receives each month. It surely cannot be the intent of the regulations to have the decision of repayment on the individual family member's income alone. Mrs. Gavin is unemployed. $96.00 dollars per month less income would be a great hardship. As the court in *Hansen* stated, "To require recoupment from (the Gavin's), who were completely without fault in the

overpayments and did not receive any of the overpayments themselves and now live frugally on a limited income, would certainly defeat the purpose of Title II." 507 F.Supp. at 903.

Since the Gavins were without fault in receiving the overpayment and it would defeat the purpose of the Act to require repayment, IT IS RECOMMENDED that the court GRANT the plaintiff's motion for summary judgment and DENY the Secretary's motion for summary judgment.