**Mildred POSNACK, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 84 CV 4042.

United States District Court, E.D. New York.

March 14, 1986.

Blum, Haimof, Gersen, Lipson, Garley & Niedergang, New York City, by Frederick C. Stern, for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Anne E. Stanley, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This case is before the Court on the motion of the defendant Secretary for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The plaintiff seeks a waiver of the recovery of an overpayment of benefits and has filed a memorandum of law in opposition to the defendant's motion. For the reasons set forth below, defendant's motion is granted but any recovery of overpayments shall proceed in accordance with the instructions in this Order.

### I. *Background*

Plaintiff, Mildred Posnack, is a woman in her late seventies who is allegedly suffering from cataracts and a knee disability. The controversy in this case concerns Social Security benefits which Ms. Posnack received some years ago.

In April of 1967 plaintiff's husband died. Shortly thereafter, plaintiff applied for widow's insurance benefits under her husband's Social Security account. This application was approved and plaintiff began receiving widow's benefits, under her husband's account, in December 1968. Sometime in late 1973 plaintiff became eligible for Social Security retirement benefits under her own account. The Social Security Administration ("SSA") approved plaintiff's application for retirement benefits and payments commenced sometime in late 1973–early 1974. At this point, plaintiff's benefits under the two programs should have been combined into a single, reduced monthly payment. However, an error by the SSA resulted in plaintiff receiving continued benefits under both programs. It appears that from January 1974 until May 1981, plaintiff received two checks from the SSA, one for widow's benefits and one for her own retirement benefits. It was not until June of 1981 that the SSA discovered the mistake.

The SSA determined that the widow's benefits which plaintiff had received from January 1974 through May 1981 were an overpayment amounting to $22,833.30. The SSA recovered $495.00 of this amount by withholding $99 from five of plaintiff's monthly benefit checks in 1982, leaving an outstanding overpayment of $22,338.30. In the interim, plaintiff had requested a waiver of the recovery of overpayments by the SSA. In April of 1984 a hearing was held in which the Administrative Law Judge ("ALJ") found that although the plaintiff was not at fault in accepting the overpayment, it would not defeat the purpose of Title II of the Social Security Act (the "Act") and would not be against equity and good conscience to recover the overpayment. The Appeals Council affirmed this decision in August of 1984. The sole issue before the Court is whether recovery of the overpayment in question would defeat the purpose of Title II or be against equity and good conscience.

### II. *Discussion*

#### A. *Legal Framework*

Given the fact that the parties agree that there was an overpayment and that the plaintiff was without fault in accepting it, the controlling statutory provision in this

case is 42 U.S.C. § 404(b), which governs the recovery of overpayments under Title II of the Act. Section 404(b) provides:

In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

The Secretary has promulgated regulations which interpret the meaning of the statutory phrases: "defeat the purpose of" and "against equity and good conscience." Defeating the purpose of Title II is defined at 20 C.F.R. § 404.508 (1985):

(a) *General.* "Defeat the purpose of title II," for purposes of this subpart, means defeat the purpose of benefits under this title, i.e., to deprive a person of income required for ordinary and necessary living expenses. This depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs. An individual's ordinary and necessary expenses include:

(1) Fixed living expenses, such as food and clothing, rent, mortgage payments, utilities, maintenance, insurance (e.g., life, accident, and health insurance including premiums for supplementary medical insurance benefits under title XVIII), taxes, installment payments, etc.;

(2) Medical, hospitalization, and other similar expenses;

(3) Expenses for the support of others for whom the individual is legally responsible; and

(4) Other miscellaneous expenses which may reasonably be considered as part of the individual's standard of living.

(b) *When adjustment or recovery will defeat the purpose of title II.* Adjustment or recovery will defeat the purposes of title II in (but not limited to) situations where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses.

Against equity and good conscience is defined at 20 C.F.R. § 404.509 (1985):

"Against equity and good conscience" means that adjustment or recovery of an incorrect payment (under title II or title XVIII) will be considered inequitable if an individual, because of a notice that such payment would be made or by reason of the incorrect payment, relinquished a valuable right (examples (1) and (4)) or changed his or her position for the worse (examples (2) and (3)). In reaching such a determination, the individual's financial circumstances are irrelevant.

There are few reported cases which discuss the recovery of overpayments under Title II of the Act. However, other federal programs have similar statutory and regulatory language governing the recovery of overpayments. For example, the recovery of overpaid Supplemental Security Income ("SSI") benefits (Title XVI) is governed by 42 U.S.C. § 1383(b), which provides in part:

The Secretary (A) shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was *without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity and good conscience....*

(Emphasis added.)

In order to make a more informed decision, the Court shall also draw upon caselaw which interprets the recovery of SSI overpayments under legislative and regulatory provisions which are not inconsistent with Title II of the Act. *Cf. Harrison v. Heckler,* 746 F.2d 480, 482 (9th Cir.1984)

(Title XVI uses the same approach for recovery of overpayments as Title II).

 In situations involving the recovery of overpayments, such as those in this case, the burden is on the plaintiff to show that he or she qualifies for a waiver of recovery. *Romero v. Harris*, 675 F.2d 1100, 1103 (10th Cir.1982); *Sierakowski v. Weinberger*, 504 F.2d 831, 836 (6th Cir. 1974). The plaintiff, therefore, must present evidence to satisfy at least two of the three requirements of a waiver of recovery: (1) that he or she was without fault in receiving the overpayment and *either* (2) that recovery of the overpayment would defeat the purpose of Title II *or* (3) that recovery of the overpayment would be against equity and good conscience.

 In the present case it is conceded that the plaintiff is without fault in receiving the overpayment so the issue is limited as to whether the plaintiff has shown that recovery would defeat the purpose of Title II or be against equity and good conscience. The plaintiff has suggested that the decision of the Secretary as regards this issue is a conclusion of law which the district court is free to disregard if it sees fit. See Plaintiff's Memorandum of Law at 17. This assertion is incorrect. The Second Circuit has clearly stated that the Secretary's decision as to whether repayment would defeat the purpose of the Act or be against equity and good conscience is an exercise in sound judgment to be disturbed only if there has been an abuse of discretion. *See Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1041 (2d Cir.1984). Keeping this standard in mind, the Court shall turn its attention to the issue in dispute.

## B. *Defeat the Purpose of Title II*

Plaintiff argues that the recovery of this overpayment would deprive her of income required for ordinary and necessary living expenses, thus defeating the purpose of Title II. Other than her Social Security benefits, the only income plaintiff receives is interest from various certificates of deposit she holds. At the time of her hearing in 1984, plaintiff had $40,000 on deposit producing $283.00 per month in interest. Record at 32. Plaintiff asserts in her memorandum of law that her monthly expenses of $966 are greater than her monthly income, resulting in a monthly deficit (before any reduction for overpayments) of $273.00 that requires her to draw upon her savings at the rate of $3,276 per year. Plaintiff's Memorandum of Law at 7.

 Plaintiff suggests that to require her to repay the overpayment would lead to a rapid depletion of her savings and decrease her interest income to the point of destitution. The Court agrees with plaintiff that she should not be required to exhaust all available funds in repaying the overpayment. The regulations do not demand so strict an approach. *See Hansen v. Harris*, 507 F.Supp. 900, 902 (W.D.Ark. 1981). Certainly, plaintiff is entitled to retain sufficient monetary resources in order to be prepared for emergencies without thereby making herself liable for repayment. *See, e.g., Coker v. Harris*, 508 F.Supp. 996 (M.D.Ga.1981) (claimant entitled to maintain savings as burial expense fund without being liable for repayment of overpaid benefits). However, the facts of this case do *not* lead this Court to the conclusion that the Secretary's decision, that plaintiff had resources in excess of ordinary and necessary needs and repayment would therefore not defeat the purpose of Title II, is an unjustified abuse of discretion.

 In considering the question of whether requiring repayment would defeat the purpose of Title II the regulations require the Secretary to look at a claimant's *overall* financial condition, not just monthly income and expenses. *Milton v. Harris*, 616 F.2d 968, 974 (7th Cir.1980). The ALJ was therefore justified in the present case in considering whether the plaintiff could devote portions of her principal toward monthly expenses rather than just interest. It was not unreasonable for the ALJ to conclude that someone with $40,000 in various bank accounts had assets sufficient to

cover ordinary and necessary expenses as well as to repay the overpayment.

The above conclusion is especially logical when one looks carefully at the record in this case. Plaintiff currently asserts that she faces a $273 monthly deficit requiring her to reduce her savings at the rate of $3,276 per year. In the opinion of this Court this assertion is dubious at best. Plaintiff's estimates of her monthly living expenses have varied widely: from a low of $718.99 per month to a high of $1,157.00 per month. Record at 52, 56. In May of 1982 plaintiff admitted having $38,500 in various financial institutions. Record at 53. At her hearing in April 1984, plaintiff's attorney represented that the plaintiff had $40,000 on deposit. Record at 32. The Court remains skeptical of plaintiff's version of her situation as that of a person facing a substantial monthly shortfall and rapidly declining resources. Under all of these circumstances the Court does not see cause for departing from the substantial deference that the Secretary's decision is entitled to.

#### C. *Equity and Good Conscience*

■ Plaintiff asserts that recovery of the overpayment from her would be against equity and good conscience. She argues that she has already spent the overpaid benefits in the good faith belief that she was entitled to them and has thus changed her position for the worse. This is not sufficient to meet the requirement of 20 C.F.R. § 404.509 of a change in position for the worse.

■ The plaintiff has the burden of showing a change in position for the worse. *Milton v. Harris*, 616 F.2d at 974. She must show that she spent money in a way in which she would not have but for the receipt of the overpayments, not simply that she spent the amount received. *See Cucuzzella v. Weinberger*, 395 F.Supp. 1288, 1298 (D.Del.1975). The fact that re-

covery of the overpayment may cause the plaintiff some financial hardship is not enough to make the recovery inequitable under the regulation. *See Orlandini v. Weinberger*, 421 F.Supp. 586, 591 (E.D. Wis.1976).

There is no evidence in the record that plaintiff incurred debt or made substantial purchases she otherwise would not have, in reliance upon the overpaid benefits. Nor is there any evidence that plaintiff forfeited a valuable right in reliance upon the benefits. Plaintiff, who was and is represented by counsel, has not met her burden of showing the changed circumstances envisioned by 20 C.F.R. § 409.509.

It might also be argued that the Court should consider the "equity" of recovering the overpayment in the broader sense of the term rather than as it is technically defined in 20 C.F.R. § 404.509. There has been some suggestion that a district court is not rigidly confined to the wording of the regulations in this regard. *See Rosofsky v. Schweiker*, 523 F.Supp. 1180, 1188 (E.D.N. Y.1981), *appeal dismissed*, 457 U.S. 1141, 102 S.Ct. 3474, 73 L.Ed.2d 1361 (1982) (court not strictly bound by 20 C.F.R. § 404.509 in determining equity and good conscience). Even under general equitable principles, however, this Court believes that the overpayment can be recovered fairly. The Secretary's conclusion that recovery would not be against equity and good conscience is reasonable and should not be disturbed.

#### D. *Calculation of Repayment*

Having found that the decision of the Secretary should be affirmed the Court feels inclined to address the issue of the actual recoupment of the overpayment in this case. Plaintiff has stressed how it would be inequitable to order a total cessation of her Social Security benefits or a lump sum repayment. She also suggests that 20 C.F.R. § 404.502(c) (1985),[1] which provides for partial withholding from

---

**1.** 20 C.F.R. § 404.502(c) provides:

(c) *Adjustment by withholding part of a monthly benefit.* (1) Where it is determined that withholding the full amount each month

would "defeat the purpose of title II," i.e., deprive the person of income required for ordinary and necessary living expenses (see § 404.-508), adjustment under paragraphs (a) and (b)

monthly benefits where it has been determined that full withholding would defeat the purpose of Title II, does not apply here, as the Secretary has already determined that recovering the overpayment would *not* defeat the purpose of Title II.

The Court does not wish to impose unduly harsh circumstances upon the plaintiff but it does not seem unreasonable to require someone with her substantial financial resources to make some effort to repay the government for benefits undeservedly received. The plaintiff suggests that this Court do what is fair and equitable under the circumstances. In this spirit the Court shall order that the Secretary, through his agents, meet with the plaintiff and draw up a reasonable plan for the repayment of these overpaid benefits. The parties shall report back to the Court within sixty (60) days of the date of the entry of this Order with an acceptable agreement. If they are not able to reach such an agreement this Court will prepare and impose what it perceives to be such a plan.

SO ORDERED.

of this section may be effected by withholding an amount of not less than $10 of the monthly benefit payable to an individual.

(2) Adjustment as provided by this paragraph will not be available if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information. In such cases, recovery of the overpayment will be accomplished as provided in paragraph (a) of this section.