869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathaniel BLACKWELL, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1210.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Nathaniel Blackwell, Jr. ("plaintiff"), appeals the summary judgment of the district court in favor of defendant-appellee, the Secretary of Health and Human Services ("the Secretary"), affirming in result the Secretary's decision requiring the plaintiff to repay an overpayment of disability benefits. For the reasons that follow, we reverse and remand this action to the district court.
 
 I.
 
 2
 Plaintiff was found disabled and awarded benefits beginning in July 1979. In August 1982, the Secretary notified plaintiff that it had determined he was capable of performing substantial gainful activity and therefore was no longer entitled to disability benefits. A request for reconsideration of this decision was denied, and on April 22, 1983, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated July 29, 1983, the ALJ found that plaintiff was last eligible for disability benefits in February 1983. However, by agreement with the Secretary, plaintiff's benefits were not to cease until one month after the ALJ's decision. Accordingly, his benefits should have ceased in August 1983; however, the Office of Disability Operations failed to stop payments until February 1984.
 
 
 3
 On April 4, 1986, the Secretary informed plaintiff that he was required to repay $3,546.60 in overpayments. Thereafter, following a hearing, an ALJ concluded that plaintiff was without fault in receiving the overpayment, but that neither equity and good conscience nor the purpose of the Act would be offended by requiring plaintiff to repay the overpayment. Plaintiff was receiving $517.00 in social security benefits at that time, and thus the ALJ limited repayment to the rate of $20.00 per month.
 
 
 4
 On January 14, 1987, the Appeals Council denied plaintiff's request for review, and plaintiff then filed a complaint in the district court seeking judicial review of the Secretary's decision. The case was referred to a magistrate, and on September 14, 1987, the magistrate recommended the decision of the ALJ be affirmed in all respects. Plaintiff filed timely objections to the magistrate's recommendation, and on January 12, 1988, the district court rejected the magistrate's recommendation and concluded that plaintiff was at fault in receiving the overpayment. See 42 U.S.C. Sec. 404(b) (1982); 20 C.F.R. Sec. 404.507(c) (1988). Although no objection was made to the ALJ's "without fault" determination, the district court found this conclusion was not supported by substantial evidence. The court, however, affirmed the result that plaintiff must repay the overpayment but did so without considering equity, good conscience or the purpose of the Act.
 
 
 5
 Plaintiff timely appealed and now raises two issues: (1) whether the district court erred in concluding that the decision of the ALJ regarding plaintiff's fault is not supported by substantial evidence, and (2) whether requiring plaintiff to repay would defeat the purpose of the Act or offend equity and good conscience.
 
 II.
 A.
 
 6
 We find the district court erred in rejecting the ALJ's "without fault" finding. First, we note that this finding is primarily a factual one, and, accordingly, our review, and the district court's, should be limited to determining whether substantial evidence of record exists in support of the Secretary's conclusions. 42 U.S.C. Sec. 405(g). In this regard, it is the Secretary's duty to weigh the evidence, resolve material conflicts, make independent findings, and determine the case accordingly. Richardson v. Perales, 403 U.S. 387 (1971). We, however, review the district court's conclusion on the substantial evidence question de novo. See Greenhow v. Secretary of Health and Human Servs., --- F.2d ---- (slip op. No. 87-2587) (9th Cir. Dec. 5, 1988).
 
 
 7
 In determining whether an individual is "at fault," the Secretary considers whether "he either knew or could have been expected to know [the overpayment] was incorrect." 20 C.F.R. Sec. 404.507(c). In the present case, plaintiff testified that he received conflicting notices about his benefits. The evidence disclosed that plaintiff initially received a copy of the ALJ's denial decision, accompanied by a cover letter dated July 29, 1983, stating, "Notice of Decision-Denial." Plaintiff testified he later received another copy of the ALJ's decision, this time accompanied by a cover letter dated November 9, 1983, stating, "Notice of Amended Favorable Decision." Plaintiff further testified that his poor eyesight restricted his reading. Based on this testimony, the ALJ found plaintiff without fault in receiving the overpayment, and we hold this finding is supported by substantial evidence.
 
 B.
 
 8
 This conclusion, however, does not end the inquiry. An individual who is without fault in receiving an overpayment may still be required to repay, provided such a requirement "would [not] defeat the purpose of this [Act nor] would be against equity and good conscience." 42 U.S.C. Sec. 404(b). Repayment defeats the purpose of the Act when it "deprive[s] a person of income required for ordinary and necessary living expenses." 20 C.F.R. Sec. 405.508(a). See also Hansen v. Harris, 507 F.Supp. 900 (W.D.Ark.1981) (repayment does not defeat purpose of Act if it does not deprive the recipient of the necessities of life). Moreover, repayment will be considered against equity and good conscience "if an individual, because of a notice that such payment would be made or by reason of the incorrect payment, relinquished a valuable right ... or changed his or her position for the worse." 20 C.F.R. Sec. 404.509. In considering the factor of equity and good conscience, "the individual's financial circumstances are irrelevant." Id.
 
 
 9
 In the present case, the ALJ found plaintiff could be required to repay without defeating the purpose of the Act or offending equity and good conscience. Because the district court found plaintiff at fault, it did not review this factual finding of the ALJ. We note that plaintiff completed an Overpayment Recovery Questionnaire in which he indicated that he is currently receiving $517.00 a month in social security benefits and yet listed monthly expenses of $550.00. J.A. at 124-27. Accordingly, we remand this case to the district court to determine whether plaintiff has sufficient income and assets to meet his ordinary and necessary living expenses as explained in 20 C.F.R. Secs. 404.506-.508, so that recoupment of the overpayment will not defeat the purposes of the Social Security Act or offend equity and good conscience.
 
 III.
 
 10
 Accordingly, for the reasons stated, the judgment of the district court is REVERSED, and this case is REMANDED to the district court for further proceedings consistent with this opinion.