Jack SETIAN, Plaintiff,

v.

Kenneth S. APFEL, Commissioner,
Social Security Administration,
Defendant.

No. CIV.A. 99–30190–KPN.

United States District Court,
D. Massachusetts.

Aug. 23, 2000.

Patricia A. Zak, Alan D. Sisitsky, Springfield, MA, for Jack Setian, Plaintiffs.

George B. Henderson, II, Gina Y. Walcott, U.S. Attorneys Office, Boston, MA, for Kenneth S. Apfel, Commissioner of Social Security, Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO REVERSE DECISION OF THE COMMISSIONER (Docket No. 12) and DEFENDANT'S MOTION FOR ORDER AFFIRMING DECISION OF THE COMMISSIONER (Docket No. 14)*

NEIMAN, United States Magistrate Judge.

The present matter is an action under Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to review a final decision of the Commissioner of the Social Security Administration ("Commissioner") requiring Jack Setian ("Plaintiff") to repay an overpayment of benefits in the amount of $41,907.60. The particular issue concerns the Commissioner's conclusion, through an Administrative Law Judge ("ALJ"), that requiring Plaintiff to refund the overpayment would not defeat the purpose of the Act. *See* 42 U.S.C. § 404(b). Plaintiff seeks to reverse that decision, while the Commissioner seeks its affirmance. For the reasons which follow, the court will deny both motions and order that the matter be remanded for further proceedings.

## I. BACKGROUND

The procedural and factual background of this matter is familiar to the court and will be summarized only. In 1988, the Social Security Administration ("Administration") notified Plaintiff of its intent to recoup a $41,907.60 overpayment of benefits accrued from April of 1971 through June of 1988. Unable to bar the recoupment after lengthy administrative proceedings, Plaintiff filed suit in 1996 and the case was assigned to District Judge Michael A. Ponsor. (*See* C.A. No. 96–30190.) Judge Ponsor referred the matter to this court for a report and recommendation.

On June 24, 1997, the court recommended that Judge Ponsor do three things: (1) deny the Commissioner's then extant motion to affirm the decision requiring Plaintiff to repay the overpayment; (2) allow Plaintiff's motion to reverse the Commissioner's decision insofar as Plaintiff sought a declaration that the overpayment was received without fault on his part; and (3) remand the matter for further proceedings to determine whether recoupment of the overpayment would defeat the purpose of the Act or be against equity and good conscience. Judge Ponsor adopted the recommendations and remanded the case accordingly. *See Setian v. Callahan,* 973 F.Supp. 46 (D.Mass.1997).

Presently before the court is the decision issued by the ALJ upon remand. With the parties' consent, the matter has been assigned to this court for all purposes pursuant to 28 U.S.C. § 636(c).

On November 24, 1998, the ALJ, bound by Judge Ponsor's decision, entered a finding that Plaintiff was indeed overpaid the benefits but that he was without fault in causing or accepting the overpayment. The ALJ determined, however, that recovery of the overpayment would not defeat the purpose of the Act or be against equity and good conscience. The ALJ concluded, therefore, that recovery of the overpayment would be allowed.

In reaching her conclusion, the ALJ looked to Plaintiff's financial situation. First, the ALJ compared Plaintiff's work record and current monthly earnings of $1,321 with his monthly expenses for rent, food, utilities, insurance, car payments and other debts. Based on this analysis alone, the ALJ found that neither Plaintiff's income nor his combined income with his wife was sufficient to meet his family's monthly expenses and debt repayment obligations.

The ALJ then looked at two other "resources" in which Plaintiff had a financial interest: a savings account and a house. As for the account, the ALJ found that Plaintiff, jointly with his brother, had savings of at least $15,000, an amount which, at times, had been tapped to meet Plaintiff's living expenses. The ALJ also found that Plaintiff, although residing in a trailer owned by his wife, had a $52,000 equity ownership interest in a house in which his niece lives rent-free. The ALJ determined that the savings account and the house each had a "liquidation value" and, as such, were resources which could be used to repay the benefits received in error.[1]

The ALJ authorized the recoupment despite Plaintiff's argument that his brother not only held the passbooks but drew on the account only to meet the needs of their mother. The ALJ also did not consider Plaintiff's argument that a sale of the house would adversely affect his residency status for employment purposes.

## II. STANDARD OF REVIEW

The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quotations omitted). Thus, even if the record could support multiple conclusions, a court must uphold the decision " 'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [his] conclusion.' " *Ortiz v. Secretary of Health & Human Services*, 955 F.2d 765, 769 (1st Cir.1991) (quoting *Rodriguez v. Secretary of Health & Human Services*, 647 F.2d 218, 222 (1st Cir.1981)); *see also Richardson*, 402 U.S. at 401, 91 S.Ct. 1420. Stated another way, a court must affirm the decision so long as it is supported by substantial evidence, even if the record could arguably justify a different result. *Rodriguez Pagan v. Secretary of Health & Human Services*, 819 F.2d 1, 3 (1st Cir. 1987).

## III. DISCUSSION

The Commissioner may recoup an overpayment even from a person who is without fault in its causation, as here, except in two situations: (1) where recoupment "would defeat the purpose of [the Act]"; or (2) where such adjustment or recovery "would be against equity and good conscience." 42 U.S.C. § 404(b). Only the first situation is presently at issue.[2] Thus, the key question is whether the ALJ had substantial evidence on which to conclude that recovery of the overpayment would

---

1. There was no evidence that the house was bought or the savings account opened with Plaintiff's overpaid benefits. Plaintiff's mother apparently transferred her house and savings account to her sons in an effort to protect those assets for her benefit in the event she had to move to an assisted living environment. It appears, in fact, that Plaintiff's mother is now a nursing home resident.

2. Although Plaintiff asserted administratively as well as in his complaint here that recovery of the overpayment would also be against equity and good conscience, he has failed to present any argument in support of this contention. Plaintiff's "equity and good conscience" argument, therefore, has been waived. *Cf. Airport Impact Relief, Inc. v. Wykle*, 192 F.3d 197, 205 (1st Cir.1999) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal.")

not "defeat the purpose of" the Act. The court believes that she did not.

Because the Act is silent as to what is meant by "defeat the purpose of," the court must first look to the agency's regulations. *See K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291–92, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). According to the applicable regulation, this phrase is generally tied to an individual's "ordinary and necessary living expenses" as contrasted with his "income or financial resources":

> General[ly,][d]efeat the purposes of [the Act] ... means ... to deprive a person of income required for ordinary and necessary living expenses. This depends upon whether the person has income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs.

20 C.F.R. § 404.508(a). The regulation goes on to state that "[a]djustment or recovery will defeat the purposes of [the Act] in (but is not limited to) situations where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b). At bottom, it is the claimant's burden to prove that recovery of the overpayment would deprive him of income for ordinary and necessary living expenses. *See Banuelos v. Apfel,* 165 F.3d 1166, 1170 (7th Cir.1999); *Adams v. Secretary of Health & Human Services,* 653 F.Supp. 249, 250 (C.D.Ill.1986).

Here, there are two regulation-based questions that must be addressed. The initial question is whether it was proper for the ALJ to have even considered Plaintiff's non-income assets, i.e., the house and the savings account, in light of subsection (b) of the regulation which directs the ALJ to look only to the claimant's "current income." The Seventh Circuit Court of Appeals, the only circuit court which appears to have addressed this issue, recently held that an individual's entire financial picture, including non-income assets, must be considered in the "defeat the purpose of" calculus. *See Banuelos,* 165 F.3d at 1170. Indeed, subsection (a) of the regulation specifically mentions "financial resources" in addition to "income" as evaluative factors. Thus, it appears appropriate for the ALJ to have inquired about the house and the savings account.

The second, thornier question is whether the ALJ thoroughly evaluated Plaintiff's non-income assets. As indicated, the regulation requires an inquiry as to whether income and financial resources are sufficient for "more" than ordinary and necessary needs. 20 C.F.R. § 404.508(a). It does not, however strictly mandate that a claimant exhaust *all* available funds to repay an overpayment. *See Posnack v. Secretary of Health & Human Services,* 631 F.Supp. 1012, 1015 (E.D.N.Y.1986); *Hansen v. Harris,* 507 F.Supp. 900, 902 (W.D.Ark.1981). Thus, a claimant "is entitled to retain sufficient monetary resources in order to be prepared for emergencies without thereby making [him]self liable for repayment." *Posnack,* 631 F.Supp. at 1015.

The court finds that the ALJ failed to sufficiently analyze how and in what manner Plaintiff's non-income assets could assist him and his wife in meeting their ongoing needs. The ALJ also failed to explain how Plaintiff could access any equity interest he may have in the house. Instead, the ALJ simply assumed that Plaintiff had the ability to liquidate the assets. To be sure, the administrative record is somewhat confused, in no small part due to an inadequate presentation at the administrative hearing by Plaintiff's advocate. Still, as the Supreme Court recently reiterated, because "Social Security proceedings are inquisitorial rather than adversarial[,] ... [i]t is *the ALJ's* duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel,* —— U.S. ——, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000)

(emphasis added). In this court's opinion, that admonition applies to the question of recoupment as well.

The ALJ also failed to consider whether Plaintiff's share of the assets might be too insignificant an amount to be liquidated. In this regard, Social Security Rule 85–3a at one time indicated that recovery of an overpayment could pose a hardship if the refund would deplete the claimant's resources below $5,000. *See Teamer v. Secretary of Health & Human Services*, 764 F.Supp. 1328, 1333 (N.D.Ind.1991). Although that ruling has been rescinded without replacement, the applicable regulation still demands a searching inquiry. Thus, the "substantially all" language in subsection (b) of section 404.508 "does not dictate that simply because [a claimant has] ... nominal savings, [he] should be required to repay an overpayment ... and place [himself] in a precarious financial position, unable to cope with unforseen expenses or emergencies." *Teamer*, 764 F.Supp. at 1333. *See also Coker v. Harris*, 508 F.Supp. 996, 997–98 (M.D.Ga.1981) (waiver granted despite savings of over $5,000); *Hansen*, 507 F.Supp. at 902–03 (recovery waived where claimant had nominal monthly income, $1,500 in savings and a partial interest in a home valued at approximately $10,000); *Frasier v. Harris*, 495 F.Supp. 260, 263 (D.Col.1980) (waiver granted where recovery would cause claimant to deplete savings). *But see Milton v. Harris*, 616 F.2d 968, 973–74 (7th Cir.1980) (denial of waiver where claimant "had savings of over $40,000 and $17,000 worth of equity in ... real estate, ... received $3,500 per year in interest from her savings, and ... had begun to operate a business that was meant to show a profit in six months"); *Posnack*, 631 F.Supp. at 1016 (no waiver where claimant had $40,000 in savings at 1986 value). The point is that the ALJ should have engaged in a more searching inquiry as to the amount of assets available to Plaintiff and how their liquidation would affect his overall financial situation.

In sum, the court—mindful of its obligation to not substitute its judgment for that of the ALJ—nonetheless believes that the ALJ's conclusion that Plaintiff has income or financial resources sufficient for more than his ordinary and necessary needs is not grounded on substantial evidence in the record. Accordingly, a remand of the case to more fully consider the issue is necessary.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motion to reverse the Commissioner (Docket No. 12) and the Commissioner's motion to affirm his decision (Docket No. 14) are both denied and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.